Orders, Family Court, New York County (Jane Pearl, J.), entered April 4, 2013, which, upon fact-finding determinations that respondents permanently neglected the subject children, terminated respondents’ parental rights, and transferred the custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The agency established by clear and convincing evidence that it made diligent efforts to strengthen the parent-child relationship, by scheduling regular visitation, providing the mother with a visitation coach to improve her interaction with Elijah, counseling the mother to complete the drug program in which she was enrolled, and referring both mother and father to multiple, court-ordered programs, including parenting skills and anger management classes, domestic violence counseling and therapy (see Matter of Julian Raul S. [Oscar S.], 111 AD3d 456 [1st Dept 2013]). Notwithstanding these efforts, both parents failed to comply with the agency’s referrals for services and to complete necessary programs, and neither the mother nor the father gained insight into the reasons the children had been placed into foster care (see Matter of Sheila G., 61 NY2d 368 [1984]; Matter of Dina Loraine P. [Ana C.], 107 AD3d 634 [1st Dept 2013]). The father also refused to attend a required sex offender program despite repeated referrals over an extensive period of time (see Matter of Gloria Melanie S., 47 AD3d 438, 438 [1st Dept 2008]).
The finding that termination of respondents’ parental rights was in the children’s best interests is supported by a preponderance of the evidence (see Family Ct Act § 631; Matter of Ibrahim B., 57 AD3d 382 [1st Dept 2008]). Notwithstanding the mother’s assertion that she has completed some of the required programs, the record demonstrates, as indicated, that neither she nor the father have made any progress toward understanding their children’s needs and that returning the children to either parent would be a risk to their well being. Moreover, Emily was placed into foster care when she was 18 months old, in 2008, and Elijah when he was four days old, in 2009, and neither has resided with either parent since then. They have bonded with their respective foster families and homes, where they are well *648 cared for and wish to remain. Elijah, who has been diagnosed with autism, and has additional special needs, is cared for accordingly in his foster home. In contrast, the evidence demonstrates that his parents lack understanding of his diagnosis and care needs. A suspended judgment was not in the best interests of the children (see Matter of Michael B., 80 NY2d 299, 310-311 [1992]; Matter of Juanita H., 245 AD2d 89 [1st Dept 1997], lv denied 91 NY2d 811 [1998]).
Concur — Mazzarelli, J.E, Friedman, Saxe, Manzanet-Daniels and Feinman, JJ.